UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

PEDRO MONTOYA,
On behalf of himself and                    Case No. 16-cv-14054
all others similarly situated,

                                             Honorable George Caram Steeh
Plaintiff,                                   Magistrate Judge Mona K. Majzoub

v.

TRINITY HEALTH-MICHIGAN,
D/B/A MERCY HEALTH SAINT MARYS
and NPAS, INC.,

        Defendants.
_____

## ANSWER AND AFFIRMATIVE DEFENSES OF NPAS, INC.

Defendant, NPAS, Inc. ("NPAS"), by and through the undersigned counsel, and for its Answer and Affirmative Defenses to Plaintiff Pedro Montoya's ("Plaintiff's") Complaint, states as follows:

1.      Paragraph 1 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response is required, NPAS denies the same.

2.      NPAS denies the allegations in Paragraph 2 of Plaintiff's Complaint.

3.      NPAS is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 3 of Plaintiff's

Complaint, and therefore denies the same. NPAS further denies that Exhibit 1 is relevant to this action.

4.      NPAS denies the allegations in Paragraph 4 of Plaintiff's Complaint.

5.      NPAS denies the allegations in Paragraph 5 of Plaintiff's Complaint.

6.      Paragraph 6 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, NPAS denies the same.

## II.  CONSUMER STATUES AND CASE LAW

7.      Paragraph 7 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, NPAS denies the same.

8.      Paragraph 8 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, NPAS denies the same.

9.      Paragraph 9 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, NPAS denies the same.

10.     Paragraph 10 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, NPAS denies the same.

11.     Paragraph 11 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response is required, NPAS denies the same.

12.     Paragraph 12 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response is required, NPAS denies the same.

13.     Paragraph 13 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response is required, NPAS denies the same.

14.     Paragraph 14 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response is required, NPAS denies the same.

15.     Paragraph 15 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response is required, NPAS denies the same.

16.     Paragraph 16 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response is required, NPAS denies the same.

### III. PARTIES

17.    NPAS is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 17 of Plaintiff's Complaint, and therefore denies the same.

18.    NPAS denies that it is a division of Accretive Health, Inc.  NPAS admits only that it is a Tennessee corporation and its registered agent in Michigan is the Corporation Company.  NPAS denies any remaining allegations in Paragraph 18 of Plaintiff's Complaint.

19.    NPAS admits only that Exhibit 2 speaks for itself.

20.    NPAS is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 20 of Plaintiff's Complaint, and therefore denies the same.

### IV.  JURISDICTION AND VENUE

21.    NPAS admits to jurisdiction and venue in this court.

### V.  STATUTORY STRUCTURE

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

22.    Paragraph 22 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response is required, NPAS denies the same.

23.    NPAS admits the allegations in Paragraph 23 of Plaintiff's Complaint.

24.     Paragraph 24 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response is required, NPAS denies the same.

25.     Paragraph 25 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response is required, NPAS denies the same.

26.     NPAS denies the allegations in Paragraph 26 of Plaintiff's Complaint.

27.     NPAS denies the allegations in Paragraph 27 of Plaintiff's Complaint.

28.     NPAS denies the allegations in Paragraph 28 of Plaintiff's Complaint.

29.     Paragraph 29 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response is required, NPAS denies the same.

30.     Paragraph 30 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response is required, NPAS denies the same.

31.     Paragraph 31 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response is required, NPAS denies the same.

32.     Paragraph 32 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response is required, NPAS denies the same.

33.     Paragraph 33 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response is required, NPAS denies the same.

**REGULATION OF MICHIGAN COLLECTION PRACTICES ACT (RCPA)**

34.     Paragraph 34 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response is required, NPAS denies the same.

35.     Paragraph 35 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response is required, NPAS denies the same.

36.     Paragraph 36 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response is required, NPAS denies the same.

37.     Paragraph 37 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response is required, NPAS denies the same.

38.     Paragraph 38 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response is required, NPAS denies the same.

39.     Paragraph 39 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response is required, NPAS denies the same.

40.     Paragraph 40 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response is required, NPAS denies the same.

41.     Paragraph 41 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response is required, NPAS denies the same.

## THE MICHIGAN OCCUPATIONAL CODE

## AS TO DEFENDANT NPAS

42.     NPAS re-alleges and incorporates by reference its answers to Paragraphs 1 through 41 of Plaintiff's Complaint as if fully set forth herein.

43.     NPAS admits only that it is properly licensed under the Michigan Occupational Code.  NPAS denies the remaining allegations in Paragraph 43 of Plaintiff's Complaint and further asserts that it is not a debt collector under the Fair Debt Collection Practices Act.

7

44.     NPAS is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 44 of Plaintiff's Complaint, and therefore denies the same.

45.     NPAS denies the allegations in Paragraph 45 of Plaintiff's Complaint.

46.     NPAS denies the allegations in Paragraph 46 of Plaintiff's Complaint.

47.     NPAS denies the allegations in Paragraph 47 of Plaintiff's Complaint.

48.     NPAS denies the allegations in Paragraph 48 of Plaintiff's Complaint.

49.     NPAS denies the allegations in Paragraph 49 of Plaintiff's Complaint.

## VI. FACTUAL ALLEGATIONS

50.     NPAS admits the allegations in Paragraph 50 of Plaintiff's Complaint.

51.     NPAS denies the allegations in Paragraph 51 of Plaintiff's Complaint and denies that Exhibit 3 supports the allegations in Paragraph 51.

52.     NPAS denies the allegations in Paragraph 52 of Plaintiff's Complaint and denies that Exhibit 1 is relevant to this action, which is limited to Michigan consumers, as the letters reflected in Exhibit 1 do not involve Michigan in any regard.

53.     NPAS admits only that the letter excerpt is taken from Exhibit 3, which speaks for itself.  NPAS denies the remaining allegations in Paragraph 53 of Plaintiff's Complaint.

54.     NPAS admits only that the letter excerpt is taken from Exhibit 3, which speaks for itself.  NPAS denies the remaining allegations in Paragraph 54 of Plaintiff's Complaint.

55.     NPAS admits only that Exhibit 3 speaks for itself but denies that it is required to make any disclosures under the FDCPA as alleged in Paragraph 55 of Plaintiff's Complaint.

56.     NPAS denies the allegations in Paragraph 56 of Plaintiff's Complaint and denies that Exhibit 1 is relevant to this action, which is limited to Michigan consumers, as the letters reflected in Exhibit 1 do not involve Michigan in any regard.

57.     NPAS denies the allegations in Paragraph 57 of Plaintiff's Complaint and denies that Exhibit 1 supports the allegations in Paragraph 57.

58.     Paragraph 58 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response is required, NPAS denies the same.

59.     NPAS denies the allegations in Paragraph 59 of Plaintiff's Complaint and denies that Exhibit 1 supports the allegations in Paragraph 59.

62[1].     NPAS denies the allegations in Paragraph 62 of Plaintiff's Complaint and denies that Exhibit 1 supports the allegations in Paragraph 62.

---

[1] This paragraph is out of sequence in Plaintiff's Complaint.

9

60.     Paragraph 60 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response is required, NPAS denies the same.

61.     NPAS denies the allegations in Paragraph 61 of Plaintiff's Complaint and denies that Exhibit 1 supports the allegations in Paragraph 61.

62.     NPAS denies the allegations in Paragraph 62 of Plaintiff's Complaint.

63.     NPAS denies the allegations in Paragraph 63 of Plaintiff's Complaint, including all subparts, and denies that Exhibit 1 supports the allegations in Paragraph 63.

64.     NPAS denies the allegations in Paragraph 64 of Plaintiff's Complaint.

65.     NPAS denies the allegations in Paragraph 65 of Plaintiff's Complaint, including all subparts, and denies that Exhibit 1 supports the allegations in Paragraph 65.

66.     NPAS denies the allegations in Paragraph 66 of Plaintiff's Complaint.

67.     NPAS denies the allegations in Paragraph 67 of Plaintiff's Complaint, including all subparts, and denies that Exhibit 1 supports the allegations in Paragraph 67.

68.     NPAS denies the allegations in Paragraph 68 of Plaintiff's Complaint, including all subparts, and denies that Exhibit 1 supports the allegations in Paragraph 68.

69.     NPAS denies the allegations in Paragraph 69 of Plaintiff's Complaint.

70.     NPAS denies the allegations in Paragraph 70 of Plaintiff's Complaint.

71.     NPAS denies the allegations in Paragraph 71 of Plaintiff's Complaint.

72.     NPAS denies the allegations in Paragraph 72 of Plaintiff's Complaint, including all subparts, and denies that Exhibit 1 supports the allegations in Paragraph 72.

73.     NPAS denies the allegations in Paragraph 73 of Plaintiff's Complaint, including all subparts, and denies that Exhibit 1 supports the allegations in Paragraph 73.

74.     NPAS denies the allegations in Paragraph 74 of Plaintiff's Complaint, including all subparts, and denies that Exhibit 1 supports the allegations in Paragraph 74.

## VII.  CLASS ACTION ALLEGATIONS

75.     NPAS re-alleges and incorporates by reference its answers to Paragraphs 1 through 74 of Plaintiff's Complaint as if fully set forth herein.

76.     Paragraph 76 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response is required, NPAS denies the same.

77.     Paragraph 77 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response is required, NPAS denies the same.

78.     Paragraph 78 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response is required, NPAS denies the same.

79.     Paragraph 79 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response is required, NPAS denies the same.

80.     NPAS denies the allegations in Paragraph 80 of Plaintiff's Complaint.

81.     NPAS denies the allegations in Paragraph 81 of Plaintiff's Complaint.

82.     NPAS denies the allegations in Paragraph 82 of Plaintiff's Complaint.

83.     NPAS denies the allegations in Paragraph 83 of Plaintiff's Complaint, including all subparts, and denies that Exhibit 1 supports the allegations in Paragraph 83.

84.     NPAS denies the allegations in Paragraph 84 of Plaintiff's Complaint.

85.     NPAS denies the allegations in Paragraph 85 of Plaintiff's Complaint.

86.     NPAS denies the allegations in Paragraph 86 of Plaintiff's Complaint, including all subparts.

87.     NPAS denies the allegations in Paragraph 87 of Plaintiff's Complaint.

88.     Paragraph 88 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response is required, NPAS denies the same.

## VIII.  CLAIMS FOR RELIEF

### Count 1 – Fair Debt Collection Practices Act

89.     NPAS denies the allegations in Paragraph 89 of Plaintiff's Complaint, including all subparts, and denies that Exhibit 1 supports the allegations in Paragraph 89.

WHEREFORE, Defendant NPAS, Inc. prays that this Court dismiss Count 1 of Plaintiff's Complaint, with prejudice, for its costs incurred herein, and for such other and further relief as this Court deems just and proper.

### Count 2 – Michigan Collection Practices Act

90.     NPAS denies the allegations in Paragraph 90 of Plaintiff's Complaint, including all subparts, and denies that Exhibit 1 supports the allegations in Paragraph 90.

WHEREFORE, Defendant NPAS, Inc. prays that this Court dismiss Count 2 of Plaintiff's Complaint, with prejudice, for its costs incurred herein, and for such other and further relief as this Court deems just and proper.

## Count 3 – Michigan Occupational Code

91.     NPAS denies the allegations in Paragraph 91 of Plaintiff's Complaint, including all subparts, and denies that Exhibit 1 supports the allegations in Paragraph 91.

WHEREFORE, Defendant NPAS, Inc. prays that this Court dismiss Count 3 of Plaintiff's Complaint, with prejudice, for its costs incurred herein, and for such other and further relief as this Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

Defendant, NPAS, by and through the undersigned counsel, states the following Affirmative Defenses to Plaintiff's Complaint:

A.     All allegations of Plaintiff's Complaint not specifically admitted by NPAS are denied.

B.     Plaintiff's Complaint fails to state a cause of action pursuant to Federal Rule of Civil Procedures 12(b)(6) as it, in whole or in part, states mere legal conclusions without sufficient factual support necessary to allege a cause of action and fails to state a claim upon which relief can be granted.

C.     Plaintiff's Complaint is barred, in whole or in part, by the doctrines of laches, waiver, estoppel and unclean hands.

D.     NPAS asserts that it is not a "debt collector" and not subject to the requirements of the Federal Debt Collection Practices Act, 15 U.S.C. §§ 1692, et

seq. (the "FDCPA"); NPAS asserts further and in the alternative that, any and all failures to comply with the requirements of the Federal Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. (the "FDCPA") which may have occurred and about which Plaintiff complains, if they occurred, were not intentional but resulted from bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error; therefore, under the provisions of the FDCPA, NPAS is not liable to Plaintiff.

E.     NPAS asserts that Plaintiff has not incurred any actual damages as a result of any alleged violation by NPAS of the FDCPA, Michigan Regulation of Collection Practices Act ("RCPA"), and Michigan Occupational Code ("MOC"). Alternatively, NPAS asserts that any such damages incurred were not reasonably foreseeable and/or that Plaintiff has failed to mitigate his damages, if any.

F.     NPAS states that Plaintiff has failed to plead allegations with required particularity, failed to plead damages with required specificity, and has sustained no actual damages.

G.     NPAS presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, and as of yet unstated, affirmative defenses available. NPAS reserves the right to assert additional affirmative defenses as they become known.

WHEREFORE, Defendant NPAS, Inc. prays that this Court dismiss Plaintiff's Complaint, with prejudice, for its costs incurred herein, and for such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

NPAS hereby demands a trial by jury on all issues so triable.

Respectfully submitted,       **OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, PLLC**

By:  s/Gregory M. Krause
    Gregory M. Krause (P67142)
    Attorneys for NPAS
    34977 Woodward Avenue, Suite 300
    Birmingham, Michigan 48009
    Telephone:  (248) 593-6400
Dated:  January 9, 2017       gregory.krause@ogletreedeakins.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.  I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:  N/A.

By:  s/Gregory M. Krause
    Gregory M. Krause (P67142)
    Ogletree, Deakins, Nash, Smoak
    & Stewart, PLLC
    Attorneys for NPAS
    34977 Woodward Avenue, Suite 300
    Birmingham, Michigan 48009
    gregory.krause@ogletreedeakins.com